UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARTRICE MITCHELL #238178,

        Plaintiff,                        Case No. 2:08-cv-6

v.                                            Honorable R. Allan Edgar

K. ISAACSON, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.   Factual allegations

Plaintiff Martrice Mitchell, an inmate at the Ojibway Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer K. Isaacson, Unit Manager Paul Tussing, Grievance Coordinator K. Snyder, Assistant Deputy Warden Evelyn Nicholls, and Grievance Manager J. Armstrong. Plaintiff alleges in his complaint that on May 1, 2007, some incoming legal books were rejected. Plaintiff claims that he requested a hearing on May 2, 2007, but did not receive such a hearing until August 15, 2007.

According to the hearing report, which Plaintiff attaches to his complaint, the mail included "The American's Bulletin, New Conditional Acceptance for Value for Proof of Claim Book, International Sovereigns Association, and Administrative Claim for Damages 'The ACD Packet.'" The report further states that these publications violate the MDOC mail policy 05.03.118, in which prisoners are prohibited from receiving mail that is a threat to the security, good order, or discipline of the facility, may facilitate or encourage criminal activity, or may interfere with the rehabilitation of the prisoner." The report concluded that the mail violated Policy Directive 05.03.118 ¶ D, ¶ HH #3 and #12, which precludes mail for the purpose of operating a business enterprise from the facility, mail advocating or promoting the violation of state laws, and mail encouraging or providing instruction in the commission of criminal activity.

Plaintiff claims that he was compelled to send the rejected books home, so he paid the postage and Defendant Tussing "supposedly" mailed his books. However, Plaintiff later received a letter from the post office indicating that the envelope used to send the books out was empty during processing.

Plaintiff appears to be claiming that Defendants' conduct violated his Fourteenth Amendment due process rights. Plaintiff seeks compensatory and punitive damages.

II. <u>Failure to state a claim</u>

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants' conduct in rejecting his mail violates his due process rights. The undersigned notes that Plaintiff's complaint, as well as the attached documents, establish that with regard to the rejection of his mail, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. *Zinermon v. Burch*, 494 U.S. 113, 127-28, 110 S. Ct. 975, 984 (1990). The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due

process." *Martinez v. California*, 444 U.S. 277, 284, n.9, 100 S. Ct. 553, 558, n. 9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125, 110 S. Ct. at 983 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70, 94 S. Ct. 2963, 2981 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986). As noted above, Plaintiff received a hearing on the rejection. Therefore, the undersigned recommends dismissal of this claim.

Plaintiff also claims that Defendants violated his due process rights by failing to mail the material to his family. The Due Process Clause does not prohibit deprivation of property by the state; instead it prohibits such deprivations without *due process of law*. *Parratt v. Taylor*, 451 U.S. 527, 537 (1981), overruled in part on other grounds *Daniels v Williams*, 474 U.S. 327 (1986).

A plaintiff alleging infringement of property rights must show that the deprivation was caused by action taken pursuant to established state procedures. *Hudson v. Palmer*, 468 U.S. 517, 532 (1984); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-436 (1982). Plaintiff herein fails to make the required distinction between challenging the "established state procedure" itself and the failure of the state employee to follow that procedure. *Id*. If the official performing the state procedure fails to follow the state procedure or conform his conduct to state law, the plaintiff's injury is the result of a "random and unauthorized act" which the state was unable to foresee and thus prevent. In *Parratt*, the Supreme Court held that no procedural due process violation occurs when the deprivation is the result of a "random and unauthorized act," unless the state failed to provide the plaintiff with an "adequate post-deprivation remedy."

> Application of the principles recited above to this case leads us to conclude the respondent has not alleged a violation of the Due Process Clause of the Fourteenth Amendment. Although he has been deprived of property under color of state law, the deprivation did not occur as a result of some established state procedure. Indeed, the deprivation occurred as a result of the unauthorized failure of agents of the state to follow established state procedure. There is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to provide a predeprivation hearing. Moreover, the State of Nebraska has provided respondent with the means by which he can receive redress for the deprivation.

*Parratt*, 451 U.S. at 543.

The Sixth Circuit has held that in procedural due process claims brought pursuant to 42 U.S.C. § 1983, the "Parratt doctrine" allows dismissal where the state provides an adequate postdeprivation remedy if:

> 1) the deprivation was unpredictable or "random"; 2) predeprivation process was impossible or impracticable; and 3) the state actor was not authorized to take the action that deprived the plaintiff of property or liberty.

*Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416-417 (6th Cir. 1996). In cases where these conditions are present, "a procedural due process claim will not be stated unless the plaintiff pleads and proves that his available state remedies are inadequate to redress the wrong." *Copeland*, 57 F.3d at 479; *Pilgrim*, 92 F.3d at 417.

Plaintiff in this case has not demonstrated the absence of adequate state remedies for Defendants' alleged misconduct. Plaintiff does not state whether he filed a grievance regarding Defendants' behavior, which he was entitled to appeal through Step III. See MDOC PD 03.02.130(A)-(LL). In addition, Plaintiff had a right to pursue a claim through the Prisoner Benefit Fund per Policy Directive 04.02.110 for reimbursement of his lost property. Prisoners may also

pursue claims of up to $1,000 through the State Administrative Board, or through the courts if over $1,000. See Policy Directive 04.07.112. The fact that the remedies provided by the state do not provide all the relief which may be available under 42 U.S.C. § 1983 does not mean that the state remedies are ineffective. *Parratt*, 451 U.S. at 544. Therefore, pursuant to *Parratt*, Plaintiff's due process claims should be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: April 9, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).